# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYMOND GARCIA,**

    **Plaintiff,**

vs.                                                   Case No. 4:15cv348-RH/CAS

**BRANDY ATES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, doc. 1, and a motion to proceed in forma pauperis, doc. 2. Good cause having been shown, the motion was granted in a separate Order entered this day. Because Plaintiff has not been required to submit an initial partial filing fee, his civil rights complaint, doc. 1, has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff has named one Defendant in this case, but does not provide an address for the Defendant. Doc. 1 at 2. Service could not be carried out on a Defendant if Plaintiff does not know where to locate the Defendant.

Nevertheless, Plaintiff's allegations indicate this case concerns a hearing which was held in state court on July 21, 2014. Doc. 1 at 5. Plaintiff contends he was not

permitted to use the phone to participate in the hearing and claims the hearing took place outside of his presence. *Id.* It further appears that the hearing concerned the termination of parental rights. *Id.* Plaintiff also contends that he was not represented by counsel and contends that the termination of parental rights is "too important not to have an attorney." *Id.* at 6. Plaintiff asserts that his due process rights were violated and he seeks an order from this Court reversing the state court's decision concerning the termination "along with adoption." *Id.* at 7. Plaintiff also seeks to have a "court appointed attorney and a new trial." *Id.*

It is unclear from the complaint what relationship Brandy Ates has to Plaintiff, but it seems apparent that Ates and Plaintiff have had some type of domestic relationship. Presumably, Ates sought to have Plaintiff's parental rights terminated and, thus, it is likely that Ates is the mother of the child (or children) at issue in the state court proceedings.

Plaintiff is advised of several deficiencies which preclude this case from continuing in this Court. First, it does not appear that this case can proceed because there are no allegations which reveal the Defendant is a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." <u>Emory v. Peeler</u>, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011)).

Plaintiff has not shown that Ates took any action as a "state actor."  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  Thus, Plaintiff could only submit an amended complaint under § 1983 if Plaintiff is able to identify a person who caused him harm and did so under color of state law.  There is no need to permit the filing of an amended complaint, however, because of a second deficiency.

Plaintiff may not seek to overturn a judicial decision entered in state court through a § 1983 civil rights action.  It is well established that any appeal or review of a decision entered in state court must be appealed through the state court system in Florida.  This Court does not sit as an appellate court.  The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgment entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  Plaintiff's claim is precisely that.  He contends his due process rights were violated because he did not have a lawyer to represent his interests.  Accordingly, Plaintiff's claims are barred

because this Court cannot reverse the judgment entered in state court. Plaintiff's avenue of redress was to pursue an appeal in state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of jurisdiction, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2015.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**