IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RAYMOND GARCIA,

    Plaintiff,

v.                                CASE NO. 4:15cv348-RH/CAS

BRANDY ATES,

    Defendant.

_____/


## ORDER OF DISMISSAL

    This case is before the court on the magistrate judge's report and recommendation, ECF No. 5 and the objections, ECF No. 8. I have reviewed de novo the issues raised by the objections.

    As set out in the report and recommendation, the plaintiff's claim is that a state trial court used improper procedures in adjudicating a claim and reached the wrong result. The remedy for a state trial court's error is an appeal within the state system. If a state court uses a procedure that violates the United States Constitution, the remedy is an appeal within the state system and ultimately, if the

state appellate courts do not remedy the constitutional violation, review in the United States Supreme Court.

Under the *Rooker-Feldman* doctrine, federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In short, federal district courts do not sit to hear appeals from state court orders—including claims that a state court followed unconstitutional procedures in adjudicating a civil case.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed for lack of jurisdiction." The clerk must close the file.

SO ORDERED on September 19, 2015.

                                          s/Robert L. Hinkle
                                          United States District Judge